## COMMONWEALTH *v.* WILLS' EXR.

[Abstract Kentucky Law Reporter, Vol. 7—677.]

**Parent's Maintenance of Adult Child.**

> There is no law requiring a ·parent to maintain and provide for his child which is over twenty-one years of age, and the statute authorizing the board of commissioners, who are maintaining a person as a pauper, to sue the parent only applies where such child is less than twenty-one years old.

APPEAL FROM NELSON CIRCUIT COURT.

March 2, 1886.

OPINION BY JUDGE PRYOR:

In this case we find no express promise to pay on the part of the testator nor any allegation of fact that would raise an equity in behalf of the lunatic to be supported out of the estate devised. The lunatic was placed on the pauper list as far back as the year ·1866, and from that time he has been supported· by the state and for the reason that he had no means of his own. We know of no law under which the parent can be made responsible for the support

of one, although his child, after the child has arrived at the age of twenty-one years. The lunatic in this case was twenty-eight years of age when the inquest was held and had no property whatever for his support.

The statute authorizing the board of commissioners to sue the husband whose wife may be the patient, or the parent whose child is the patient, evidently means when the child is under age or the parent under a legal obligation to support him. Being entitled to the services of the child until of age there is some reason for holding the parent to a legal liability when the age of the child requires that he should be supplied with food and clothing; but when of full age, the parent being entitled to no control over the child and having no right to his custody or to his services, no such legal obligation exists and none can be created by statute, unless by the consent of the parent. He may contract to support the child and it would be binding but not otherwise. This is an ordinary action with a legal demand asserted by the asylum against the executor of the testator for boarding and maintaining the lunatic for a number of years. Such an action can not be maintained. What equity the lunatic might have in the event the commission should assert it for him, upon the ground that without the aid of the state the appellee would be compelled to contribute to his support, is not necessary to decide. The judgment below must be *affirmed* on the original appeal and *reversed* on the cross-appeal with direction to demur the petition without prejudice.

*J. C. Wickliffe, for appellant.*

*Wm. Johnson, for appellee.*

[Cited, *Central Ky. Asylum v. Kinghton,* 113 Ky. 159, 67 S. W. 366.]